## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| United States of America ex rel. Marquis Thomas (K76240), | ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) ) | Case No. 23-cv-50019 |
| BRITTANY GREENE, Warden, WESTERN ILLINOIS CORRECTIONAL CENTER | ) ) ) ) | |
| Respondent. | ) ) ) | |

## AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254

Now comes Petitioner MARQUIS THOMAS, by his attorneys, Robert Middleton and J. Maxwell Heckendorn, ArentFox Schiff LLP, and Gregory Swygert, Bluhm Legal Clinic, Northwestern Pritzker School of Law, and petitions this Court for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In support thereof, Petitioner states as follows:

1.    **(a) Name and location of court that entered the judgment of conviction you are challenging:**

The Circuit Court of the Seventeenth Judicial Circuit, Winnebago County, Illinois

**(b) Criminal Docket or case number:**

07 CF 1702

2.    **(a) Date of judgment of conviction:**

July 24, 2009

**(b) Date of sentencing:**

October 8, 2009

3.    **Length of Sentence:**

55 years

4.    **In this case, were you convicted on more than one count or of more than one crime?**

No

5.    **Identify all crimes of which you were convicted and sentenced in this case:**

First Degree Murder – 720 ILCS 5/9-1(a)(2)

6.    **(a) What was your plea?**

Not guilty

**(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?**

N/A

**(c) If you went to trial, what kind of trial did you have?**

Jury trial

7.    **Did you testify at a pretrial hearing, trial, or a post-trial hearing?**

No

8.    **Did you appeal from the judgment of conviction?**

Yes

9.    **If you did appeal, answer the following:**

**(a) Name of court:**

Appellate Court for the State of Illinois, Second Judicial District

**(b) Docket or case number:**

2-09-1061.

**(c) Result:**

The appellate court affirmed Mr. Thomas' conviction and sentence.

**(d) Date of Result:**

November 9, 2011.

**(e) Citation to the case:**

2011 IL App (2d) 091061-U.

**(f) Grounds Raised:**

Ground 1: There was reasonable doubt where the shooter was not wearing short pants and Mr. Thomas was;

Ground 2: The trial court abused its discretion and deprived Mr. Thomas of a fair trial by refusing the deliberating jury's request to view the hospital security videotape which was neutral evidence of Mr. Thomas's alibi defense;

Ground 3: The suppression hearing court erred by denying the motions to suppress identifications by three state witnesses;

Ground 4: The trial court erred by excluding the statement "I did it" by juvenile N.H. to the police less than a month after the murder; and

Ground 5: The trial court erred by refusing to instruct the jury with Mr. Thomas's request instruction on the bias of a State's witness who is arrested and charged.

**(g) Did you seek further review by a higher state court?**

Yes.

**If yes, answer the following:**

    **(1) Name of Court:**

    The Supreme Court of Illinois

    **(2) Docket or case number:**

    Docket No. 113400

    **(3) Result:**

    The Illinois Supreme Court denied Mr. Thomas' petition for leave to appeal.

**(4) Date of Result:**

January 25, 2012

**(5) Citation to the case:**

*People v. Thomas*, 963 N.E.2d 250 (Ill. 2012)

**(6) Grounds Raised:**

The Court should grant leave to appeal to establish clear and objective standards that a judge should apply to determine whether to send exhibits to jurors during deliberations.

**(h) Did you file a petition for certiorari in the United States Supreme Court?**

No

10. **Other than the direct appeals listed above, have you previously filed any petitions, applications, or motions concerning this judgment of conviction in any state court?**
    Yes

11. **If your answer to Question 10 was "Yes," give the following information:**

    (a) **(1) Name of court:**

    The Circuit Court of the Seventeenth Judicial Circuit, Winnebago County, Illinois

    **(2) Docket or case number:**

    07 CF 1702

    **(3) Date of filing:**

    *Pro Se Petition:* June 26, 2012

    *Amended Verified Petition for Post Conviction Relief (through counsel):* March 3, 2017

    *Supplemental Petition to Previously Filed Amended Petition for Post-Conviction Relief:* June 6, 2019

    **(4) Nature of Proceedings:**

Petition for Post-Conviction Relief

**(5) Grounds Raised:**

Amended Petition:

> Ground 1: Mr. Thomas received ineffective assistance of appellate counsel where appellate counsel failed to challenge the exclusion of Chaplain Fricks' testimony from trial or argue that Fricks' testimony corroborated Howell's confession to police.

> Ground 2: Mr. Thomas received ineffective assistance of trial counsel where trial counsel failed to seek the testimony of an eyewitness expert.

*Mr. Thomas'* Supplemental Petition added a claim of actual innocence to his previously filed Amended Petition.

**(6) Did you receive a hearing where evidence was given on your petition, application, or motion?**

Yes

**(7) Result**

The circuit court denied Mr. Thomas' ineffective assistance of trial counsel claim after the State moved to dismiss at the second stage of post-conviction proceedings. (October 26, 2018).

After a third-stage evidentiary hearing, the circuit court granted Mr. Thomas' petition and ordered a new trial, finding that Mr. Thomas' appellate counsel provided ineffective assistance.

Because the circuit court granted relief on Mr. Thomas' ineffective assistance of appellate counsel argument, the circuit court declined "to separately address" or "separately grant or deny relief" on Mr. Thomas' claim of actual innocence.

**(8) Date of Result:**

February 5, 2021

**(b)** **If you filed any second petition, application, or motion, give the same information:**

See above

5

(c)    Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

Yes

(d)    If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United prosecutions:

<u>Ground 1: 6th Amendment</u>

(a) Supporting Facts:

Petitioner hereby incorporates the facts from his memorandum of law, attached hereto as **<u>Exhibit 1</u>**.

(b) If you did not exhaust your state remedies on Ground One, explain why:

N/A

(c) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

No

(2) If you did not raise this issue in your direct appeal, explain why?

This claim is for deficient performance of Mr. Thomas' appellate counsel on direct appeal and therefore could not be raised on direct appeal.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes

(2) If you answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

6

Petition for Post-Conviction Relief

**Name and location of the court where the motion or petition was filed:**

Circuit Court of the Seventeenth Judicial Circuit, Winnebago County, Illinois

**Docket or case number:**

07 CF 1702

**Date of the court's decision:**

February 5, 2021

**Result:**

The circuit court granted Mr. Thomas' petition after a third-stage evidentiary hearing, finding that Mr. Thomas was denied effective assistance of appellate counsel on direct appeal. See February 5, 2021 Order, attached hereto as <u>**Exhibit 2**</u>.

**(3) Did you receive a hearing on your motion or petition?**

Yes

**(4) Did you appeal from the denial of your motion or petition?**

Mr. Thomas' petition for post-conviction relief was granted. The State appealed this decision.

**(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?**

Yes.

**(6) If your answer to Question (d)(4) is "Yes," state:**

**Name and location of the court where the appeal was filed:**

Appellate Court for the State of Illinois, Second Judicial District

**Docket or case number:**

2-21-0103

**Date of the court's decision:**

7

December 14, 2021

**Result:**

The appellate court reversed judgement of the circuit court. See December 14, 2021 Order, attached hereto as **<u>Exhibit 3</u>**.

<u>**Ground 2: Actual Innocence**</u>

**(a) Supporting Facts:**

Petitioner hereby incorporates the facts from his memorandum of law, attached hereto as **<u>Exhibit 1</u>**.

**(b) If you did not exhaust your state remedies on Ground Two, explain why:**

N/A

**(c) Direct Appeal of Ground Two:**

**(1) If you appealed from the judgment of conviction, did you raise this issue?**

No

**(2) If you did not raise this issue in your direct appeal, explain why?**

This evidence in support of this claim was not discovered until after Mr. Thomas' direct appeal.

**(d) Post-Conviction Proceedings:**

**(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**

Yes

**(2) If you answer to Question (d)(1) is "Yes," state:**

**Type of motion or petition:**

Supplemental Petition to Previously Filed Amended Petition for Post-Conviction Relief

**Name and location of the court where the motion or petition was filed:**

Circuit Court of the Seventeenth Judicial Circuit, Winnebago County, Illinois

**Docket or case number:**

07 CF 1702

**Date of the court's decision:**

February 5, 2021

**Result:**

Because the circuit court granted relief on Mr. Thomas' ineffective assistance of appellate counsel argument, the circuit court declined "to separately address" or "separately grant or deny relief" on this claim. See February 5, 2021 Order, attached hereto as **Exhibit 2**.

**(3) Did you receive a hearing on your motion or petition?**

Yes.

**(4) Did you appeal from the denial of your motion or petition?**

The circuit court declined to grant or deny relief on this claim, so it was not ripe for review. Therefore, Mr. Thomas did not appeal this issue.

**(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?**

No, see below.

**(6) If your answer to Question (d)(4) is "Yes," state:**

**Name and location of the court where the appeal was filed:**

Appellate Court for the State of Illinois, Second Judicial District

**Docket or case number:**

2-21-0103

**Date of the court's decision:**

December 14, 2021

**Result:**

9

Pursuant to the appellate court's authority under Illinois Supreme Court Rule 615(b)(1), the appellate court modified the judgment of the trial court to deny relief on defendant's actual innocence claim. See February 5, 2021 Order, attached hereto as **Exhibit 3.**

**(e) Other remedies: Describe any other procedures that you have used to exhaust your state remedies on Ground Two:**

After the appellate court's *sua sponte* denial of relief on Mr. Thomas' actual innocence claim, Mr. Thomas filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on March 30, 2022. *People v. Thomas*, 187 N.E.3d 716 (Ill. 2022).

13. **Please answer these additional questions about the petition you are filing:**

    **(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having adjudication?**

    Yes.

    **(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:**

    No

14. **Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?**

    No

15. **Do you have any petition or appeal now pending in any court, either state or federal, for the judgment you are challenging?**

    No

16. **Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:**

    **(a) At preliminary hearing:**

    N/A

    **(b) At arraignment and plea:**

Office of the Winnebago County Public Defender, Assistant Public Defender Derrick Schmidt

**(c) At first trial:**

Office of the Winnebago County Public Defender, Assistant Public Defender Derrick Schmidt and Assistant Public Defender Matthew Jura

**(d) At sentencing:**

Office of the Winnebago County Public Defender, Assistant Public Defender Derrick Schmidt

**(e) On direct appeal:**

Office of the State Appellate Defender, 203 N. LaSalle St, 24th Floor, Chicago, IL 60601, Kim Robert Fawcett, Assistant Appellate Defender, Alan D. Goldberg, Deputy Defender

**(f) In any post-conviction proceeding:**

The Center on Wrongful Convictions, Bluhm Legal Clinic, Northwestern Pritzker School of Law

J. Maxwell Heckendorn and Robert Middleton, ArentFox Schiff LLP (formerly Schiff Hardin LLP)

**(g) On appeal from any ruling against you in a post-conviction proceeding:**

The Center on Wrongful Convictions, Bluhm Legal Clinic, Northwestern Pritzker School of Law

J. Maxwell Heckendorn and Robert Middleton, ArentFox Schiff LLP (formerly Schiff Hardin LLP)

17. **Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?**

No

18. **TIMELINESS OF THE PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.**

Petitioner's petition is timely. To the extent the petition is not *per se* timely, Petitioner has established a gateway actual innocence claim. (*See* Memorandum, attached as Exhibit 1.)

<u>Conclusion</u>

WHEREFORE, Petitioner Marquis Thomas, prays that this Court grant him all relief to which he may be entitled in this proceeding, and asks that this Court:

1. Issue a writ of habeas corpus ordering that Marquis Thomas be brought before the Court to be discharged from his unconstitutional confinement and relieved of his unconstitutional convictions and sentence;

2. Order the Respondent to produce the records of state court proceedings together with any responsive pleading deemed just and appropriate;

3. Schedule filing for legal briefs and memoranda in support of the issues of law in this petition so that the Court may be fully informed; and

4. Grant such other relief as may be just and appropriate.

Dated: November 1, 2023       */s/ Robert Middleton*

ROBERT MIDDLETON
J. MAXWELL HECKENDORN
ArentFox Schiff LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
(312) 258-5875
(312) 258-5651
robert.middleton@afslaw.com
max.heckendorn@afslaw.com

GREGORY SWYGERT
Center on Wrongful Convictions
Bluhm Legal Clinic
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, Illinois 60611
(312) 503-5330
gregory.swygert@law.northwestern.edu

**COUNSEL FOR PETITIONER**

## CERTIFICATE OF SERVICE

I, J. Maxwell Heckendorn, hereby certify that on November 2, 2023, I filed the above

**AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254**

with the Clerk of the United States District Court for the Northern District of Illinois, using the

CM/ECF system, which provides notice to the following CM/ECF user:

Matthew Skiba
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601-3218
PHONE: (872) 272-0756
EMAIL: matthew.skiba@ilag.gov

*/s/ J. Maxwell Heckendorn*

J. Maxwell Heckendorn
*Counsel for Marquis Thomas*